# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

July 25, 2008

Mr. Mark Stoiber
1926 St. Clair St.
Medford, OR 97504

Mr. David Mills
115 W. 8th Ave. #280
Eugene, OR 97401

RE: Stoiber v. Preboski 08-6051-fra
    Plaintiff's motion for summary judgment

Dear Sirs:

Plaintiff, the Debtor herein, filed a document entitled "Chapter 7 Order RE: Debtor(s) Motion and Order to Show Cause Re: Contempt," which seeks damages for violation of the automatic stay and for violation of the Fair Debt Collection Practices Act (FDCPA). It was interpreted by the Court as a complaint seeking a money judgment and gave rise to this adversary proceeding. Defendant filed a motion for summary judgment to which the Plaintiff has not filed a response. For the reasons that follow, Defendant's motion for summary judgment will be granted.

## BACKGROUND

Debtor filed bankruptcy under chapter 7 on April 30, 2007. On February 25, 2008, the Debtor filed a "Notice of Amended Schedules and Amended Schedule(s) Matrix." On March 6, 2008, an Order of Discharge was entered and the case was closed. On March 17, 2008, the Debtor filed a Motion to Reopen Chapter 7 Case and filed a complaint against the Defendant's attorney on March 17, 2008: Stoiber v. Galpern, 08-6052-fra. On March 26, 2008, the Debtor filed a complaint against the Defendant (and creditor of the Debtor), Leisa Preboski ("Preboski"). The first adversary proceeding resulted in a summary judgment in favor of the defendant, Mr. Galpern. Both adversary proceedings are based on the same operative set of facts.

### Complaint

The Plaintiff filed an affidavit with his Complaint in which he alleges that the Defendant sought to recover debts which were subject to discharge in violation of the automatic stay, by filing legal action

in the Circuit Court of the State of Oregon for Jackson County.[1] He seeks punitive damages and attorney fees for violation of the automatic stay of 11 U.S.C. § 362(a)[2] (by way of civil contempt rather than the statutory remedy under § 362(k)(1))and "Maximum Civil Penalties" under 15 U.S.C. § 1692 (the FDCPA). Violation of the FDCPA appears to be predicated entirely on the allegation of Defendant's willful violation of the automatic stay.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## CIVIL CONTEMPT

Bankruptcy courts have the inherent power to sanction under Code § 105, but do not have the authority to impose significant punitive sanctions. In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996); In re Thomas Dyer, 322 F.3d 1178 (9th Cir. 2003). Caselaw involving civil sanctions imposed on a creditor for violating the discharge injunction of Code § 524 is relevant in a case involving an alleged violation of the automatic stay. To assess sanctions for violation of the discharge injunction, the moving party must prove that the creditor "(1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." Zilog, Inc. v. Corning et al. (In re Zilog, Inc.), 450 F.3d 996, 1007 (9th Cir. 2006)(citing In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996)).

---

[1] Defendant Leisa Preboski, fka Leisa Stoiber, filed a motion in state court asking the court to find the Plaintiff in contempt for 1) interfering with the rights allocated to Preboski as custodial parent,2) failing to pay attorney fees previously awarded to her, and 3) failing to provide insurance information.

[2] All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. in effect at August 11, 2005, unless the context otherwise indicates.

## DISCUSSION AND ANALYSIS

Defendant has filed a memorandum in support of her motion for summary judgment and a concise statement of material facts, along with an affidavit in which Defendant states that she was unaware of the Plaintiff's bankruptcy filing and did not learn of the filing until February 22, 2008 when she received an envelope from the Plaintiff containing the original Notice of the Plaintiff's bankruptcy filing. Defendant also argues that the issues in the present matter which were decided in the Court's earlier ruling in Stoiber v. Galpern are subject to the doctrine of issue preclusion.

The elements of federal issue preclusion (or collateral estoppel) are as follows: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action. In re Smith, 2007 WL 987278 (Bankr. D.Ariz. 3/30/07)(citing In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000)). Elements 1 to 3 are clearly present, as the factual allegations in both matters are identical, as are Plaintiff's claims for relief. As for element 4, the Defendant was in privity with Mr. Galpern in the previous matter by virtue of the attorney/client relationship and the same operative set of facts as the basis for both adversary proceedings. Because the Defendant's motion for summary judgment is unopposed, the evidence submitted that she did not learn of the Plaintiff's bankruptcy filing until February 22, 2008 will be accepted as true.

The issues decided in the Galpern adversary proceeding which carry over to this adversary proceeding by virtue of issue preclusion are as follows: (1) The claim for violation of the automatic stay must fail because Plaintiff has submitted no evidence to support the necessary element of knowledge by the Defendant of the bankruptcy filing at the time she initiated litigation in state court, and (2) The claim under the FDCPA must fail because the Bankruptcy Code provides the exclusive remedy for violation of the automatic stay.

## CONCLUSION

For the reasons given, Defendant's motion for summary judgment will be granted. An order and judgment consistent with this Letter Opinion will be entered by the court.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

Encl: Opinion in Stoiber v. Galpern, 08-6052-fra.